IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LESTER FRANK MACK                                                                              PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 2:10-cv-19-KS-MTP

SHERIFF ALEX HODGE,
DISTRICT ATTORNEY ANTHONY BUCKLEY,
BOARD OF SUPERVISOR'S SURETY BOND AGENCY,
SHERIFF SURETY BOND AGENCY,
DISTRICT ATTORNEY SURETY BOND AGENCY,
BOBBY LADNER, MDOC-PAROLE BOARD,
BOARD OF SUPERVISORS FOR JONES COUNTY, MS
and JOHN DOES                                                                              DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Lester Frank Mack filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate incarcerated in the Jackson County Community Work Center, Pascagoula, Mississippi. The named defendants are Sheriff Alex Hodge, District Attorney Anthony Buckley, Board of Supervisor's Surety Bond Agency, Sheriff Surety Bond Agency, District Attorney Surety Bond Agency, Bobby Ladner, MDOC-Parole Board, Board of Supervisors for Jones County, Mississippi, and John Does, Narcotic Agents.

## Background

The plaintiff complains that he was falsely arrested on May 21, 2008, and subsequently falsely imprisoned for possession of marijuana with intent to distribute. *Compl*. [1]. According to the complaint [1], when the plaintiff was falsely arrested on May 21, 2008, he was serving a term of post-release supervision.[1] *Compl.* [1] p. 7. On August 21, 2009, the District Attorney's

---

[1]The plaintiff states in his complaint [1] that he was serving a term of post-release supervision when he was arrested and charged with possession of marijuana with intent to distribute (2009-173-

office filed a Motion to Dismiss the charge of being in possession of marijuana with intent to distribute (2009-173-KR2) against plaintiff which was granted by the Circuit Court of Jones County, Mississippi. *Compl.* [1-2] p.3. However, based on the allegations of the complaint [1] and a copy of the Order of Dismissal from the Circuit Court of Jones County, Mississippi, attached to the complaint [1-2], the plaintiff's house arrest status, which he was serving at the time of the alleged illegal arrest instead of post-release supervision, was revoked as a result of plaintiff being arrested on May 21, 2008, for the criminal charge of possession of marijuana with intent to distribute. Because the charge of possession of marijuana with intent to distribute (Cause No. 2009-173-KR2) was dismissed, *see* attached to the complaint [1-2] the Order of Dismissal in the Circuit Court of Jones County, Mississippi, the plaintiff has filed the instant civil action arguing that "he should have been released because his post release supervision was violated because of the drug charge." *Comp.* [1] p.7. Plaintiff requests as relief release from custody and monetary damages.

## Analysis

The Prison Litigation Reform Act [PLRA],  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at

---

KR2) which was subsequently dismissed.  However, the Order of Dismissal attached to the complaint [1-2] p. 3 states that the plaintiff was serving a term of house arrest as a result of pleading guilty on November 27, 2007, to possession of marijuana and received a 8-year sentence that if he successfully completed 12 months of house arrest the remaining portion of the 8-year sentence would be suspended and he would be required to serve 3 years of post-release supervision. He also pled guilty on November 27, 2007, to possession of MDMA and received a 16-year sentence that if he successfully completed 12 months of house arrest the remaining portion of the 16-year sentence would be suspended and he would be required to serve 3 years of post-release supervision. *Compl.* [1-2] p.3. These sentences he received on November 27, 2007, were to run concurrent. *Compl.* [1-2] p.3.

any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted *in forma pauperis* status by an Order [10] entered on April 22, 2010, Section 1915(e)(2) applies to the instant case.[2]

Initially, this Court must decide whether the plaintiff should pursue his claim requesting his release from custody as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (*citing Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.,* (*citing Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). Therefore, to the extent the plaintiff is requesting release from custody, a petition for habeas corpus relief is the appropriate legal vehicle to assert these claims.

Prior to pursuing this matter through habeas corpus in federal court, however, plaintiff is required to exhaust all of his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). It appears from the allegations of the response [12] filed May 19, 2010, the plaintiff has not exhausted his available state remedies with the state courts of Mississippi relating to his current incarceration, assuming that he is

---

[2] Even though the plaintiff's allegations in the complaint state that he was serving a term of post-release supervision conflicts with the Order of Dismissal entered by the Circuit Court of Jones County, Mississippi stating that he was on house arrest, this Court will address plaintiff's status concerning post-release supervision as well as serving his sentence on house arrest. *Compl*. [1].

presently incarcerated based on the alleged unlawful revocation of his post-release supervision. Once the plaintiff has fully exhausted his available state remedies, and if he does not receive the requested relief, the plaintiff then may be eligible to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, but only within the applicable statute of limitations period.

To the extent the plaintiff is requesting monetary damages as relief, the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, assuming that he is presently incarcerated as a result of an alleged unlawful revocation of his post-release supervision, it would necessarily imply the invalidity of his current imprisonment. This Court finds that in his response [12] filed

4

May 19, 2010, that the plaintiff states that his conviction, sentence or post-release supervision revocation has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  Therefore, to the extent the plaintiff is challenging the fact of his confinement and imprisonment and requesting monetary damages as relief, he is barred from proceeding under 42 U.S.C. § 1983 until the *Heck* conditions are met.[3]

Assuming *arguendo* that plaintiff is claiming that his house arrest was unlawfully revoked, this Court finds that such a claim does not rise to a level of constitutional deprivation.  Under state law, house arrest is considered a type of confinement and is governed by the Mississippi Department of Corrections classification committee.  *See Moore v. State*, 830 So.2d 1274, 1276 (Miss. Ct. App. 2002)(citing *Lewis v. State*, 761 So.2d 922, 923 (Miss. Ct. App. 2000)).  Clearly, a prisoner does not have a constitutional right to a particular custody classification while incarcerated, nor does he have a protected liberty interest in his custodial classification.  *See Meacham v. Fano*, 427 U.S. 215 (1976); *see also, Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984)(citing Miss. Code Ann. §§ 47-5-99 through 47-5-103(1981)).  Therefore, the plaintiff cannot maintain this claim pursuant to 42 U.S.C. § 1983 concerning the revocation of house arrest.

Because the plaintiff's § 1983 complaint cannot be maintained as discussed above, this Court in exercising its discretion has determined that it will not invoke supplemental jurisdiction

---

[3] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

of any state court tort claim that the plaintiff may have under the allegations of the instant civil action. *See* 28 U.S.C. § 1367(c)(providing that the court has the discretion to decline to exercise supplemental jurisdiction over a claim when it has "dismissed all claims over which it has original jurisdiction").

## Conclusion

As discussed above, the plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and this court will not invoke supplemental jurisdiction. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to the Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2)(B)(ii).

Since this case is dismissed pursuant to the above mentioned provision of the PLRA, it will be counted as a "Strike"[4]. If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion shall issue this date.

SO ORDERED, this the 10th day of February, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(g) states:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.